# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| United States, | ) | |
|---|---|---|
| | ) | |
|     *Respondent*, | ) | |
| | ) | |
| v. | ) | Case No: 16 C 50106 |
| | ) | |
| Robert T. Roach, | ) | |
| | ) | |
|     *Movant*. | ) | Judge Frederick J. Kapala |

## ORDER

Roach's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [1] is dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. No certificate of appealability shall issue. This case is closed.

## STATEMENT

Before the court for preliminary review is Robert T. Roach's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires a district court to conduct preliminary review of § 2255 motions. The rule states in relevant part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." For the following reasons, Roach's § 2255 motion does not withstand Rule 4(b) review.

In consequence of his plea of guilty, Roach was convicted of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). In the plea agreement, the government agreed to dismiss a count alleged in the indictment and to dismiss its § 851 notice of prior conviction. In exchange, in addition to waiving his right to file a direct appeal, Roach agreed to waive his right to file a § 2255 motion challenging his conviction, sentence, the manner in which his sentence was determined, or his attorney's alleged failure or refusal to file a notice of appeal. The § 2255 waiver, however, did not apply to a claim of involuntariness or ineffective assistance of counsel relating directly to the waiver or to its negotiation. The court sentenced Roach to a total term of imprisonment of 262 months. Roach's direct appeal was dismissed after the Seventh Circuit granted his counsel's Anders motion which asserted that the appeal was frivolous. The Seventh Circuit agreed that there was no basis to argue that Roach's guilty plea was unknowing or involuntary and found that his appeal waiver barred other potential appellate claims. United States v. Roach, 600 F. App'x 472 (7th Cir. 2015) (Mem).

In his § 2255 motion, Roach raises as grounds for relief that his trial counsel was ineffective in declining to file a motion to suppress challenging the issuance of the search warrant, which led to the discovery of the drugs and firearm, and requesting a Franks hearing. Roach does not allege, however, that the collateral attack waiver within his plea agreement with the government was involuntary or the product of ineffective assistance of counsel. Moreover, he does not allege that but

for his trial counsel's failure to file the motion to suppress and request a Franks hearing he would not have pleaded guilty pursuant to the plea agreement that afforded him significant benefits and instead would have proceeded to trial and risked a lengthier sentence. Were such an allegation made, it would be belied by the record. Despite knowing all the facts that he now claims would have supported a motion to suppress, and knowing that his trial counsel had declined to file such a motion, during the January 6, 2014, change of plea proceeding Roach made the following statements under oath:

> THE COURT: All right. Robert, have you had enough time to talk to your attorney?
>
> DEFENDANT ROACH: Yes, sir.
>
> THE COURT: And you told him everything you know about the case?
>
> DEFENDANT ROACH: Yes, sir.
>
> THE COURT: And you've discussed your possible defenses to the charges?
>
> DEFENDANT ROACH: Yes, sir.
>
> THE COURT: And you've discussed with him whether you wish a trial or whether you wish to plead guilty; is that correct?
>
> DEFENDANT ROACH: Yes, sir.
>
> THE COURT: Are you satisfied with the advice and efforts of your attorney?
>
> EFENDANT ROACH: Yes, sir.

Thus, the record shows that Roach pleaded guilty pursuant to a favorable plea agreement that contained appellate and collateral review waivers knowing that the motion to suppress he now claims his attorney should have filed had not been filed. Therefore, Roach's § 2255 grounds are not claims of ineffective assistance of counsel relating directly to the § 2255 waiver or to its negotiation. For this reason, it plainly appears from the motion and the record that Roach is not entitled to relief because his claims are barred by his express waiver of his right to file a § 2255 motion.

Consequently, Roach's § 2255 motion is dismissed pursuant to Rule 4(b). Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A movant must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Consistent with the above analysis, the court finds that no reasonable jurists would differ on this court's disposition of Roach's § 2255 motion. Therefore, the court declines to issue a certificate of appealability.

Date: 6/6/2016                                     ENTER:

_____
FREDERICK J. KAPALA
District Judge

2